**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5427-17T3

STATE OF NEW JERSEY,

       Plaintiff-Respondent,

v.

JOSEPH J. BROWN,

       Defendant-Appellant.

_____

Submitted October 17, 2019 – Decided  October 23, 2019

Before Judges Haas and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment Nos. 09-12-2137, 10-09-1609, and Accusation No. 11-01-0151.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel J. Marzarella, Chief Appellate Attorney, of counsel; Roberta DiBiase, Supervising Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Joseph J. Brown appeals from the January 17, 2018 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

On December 2, 2009, an Ocean County grand jury returned Indictment No. 09-12-2137 charging defendant with two counts of third-degree theft by deception, N.J.S.A. 2C:20-4 (counts one and three); two counts of fourth-degree credit card theft, N.J.S.A. 2C:21-6(c)(1) (counts two and four); third-degree impersonation/theft of identity, N.J.S.A. 2C:21-17(a)(1) (count five); fourth-degree uttering a forged instrument, N.J.S.A. 2C:21-1(a)(3) (count six); third-degree tampering with public records or information, N.J.S.A. 2C:28-7(a) (count seven); fourth-degree falsifying or tampering with records, N.J.S.A. 2C:21-4(a) (count eight); and third-degree possession of cocaine, N.J.S.A. 2C:35-10(a)(1) (count nine).

On September 7, 2010, an Ocean County grand jury returned Indictment No. 10-09-1609 charging defendant with ten counts of third-degree fraudulent use of a credit card, N.J.S.A. 2C:21-6(h). On January 31, 2011, defendant was charged under Accusation No. 11-01-151 with one count of third-degree fraudulent use of a credit card, N.J.S.A. 2C:21-6(h).

On January 31, 2011, defendant pled guilty pursuant to a negotiated agreement to counts one and five under Indictment No. 09-12-2137. The parties' written plea agreement originally required defendant to also plead guilty to count nine of this indictment. However, after defendant denied possessing the cocaine involved in that charge during his plea colloquy, the State moved to dismiss this count. Defendant did not object to this motion, and the judge granted it.

Defendant next pled guilty to counts one and two under Indictment No. 10-09-1609, charging him with third-degree fraudulent use of a credit card. Defendant also pled guilty to the one count of third-degree fraudulent use of a credit card charged under Accusation No. 11-01-151.

In return for defendant pleading guilty to these charges, the State agreed to recommend that the judge sentence defendant to five years in prison on each count, with a two-year period of parole ineligibility. At the judge's discretion, these terms could be either concurrent or consecutive. All of the remaining counts would be dismissed. At the plea hearing, the judge carefully examined defendant concerning whether he understood all of the terms of the plea, and defendant provided a factual basis for his plea to all the charges involved in the

3

parties' agreement, including the three counts of third-degree fraudulent use of a credit card.

Sometime prior to sentencing, defendant filed a motion to withdraw his plea. On the day of sentencing, defendant, who was now representing himself, agreed to withdraw this motion. In return, the State agreed to dismiss count two under Indictment No. 10-09-1609, charging defendant with third-degree fraudulent use of a credit card. The State also agreed to recommend that the judge sentence defendant to four, rather than five, years in prison on each remaining count, with no period of parole ineligibility, and that the judge make all of the sentences concurrent to each other, and to a sentence defendant was then serving under a prior indictment. Defendant also retained the right to argue that the judge sentence him to concurrent three-year terms on the remaining charges.

As was the case at the plea hearing, the judge thoroughly examined defendant concerning his understanding of the amended plea agreement. After defendant agreed that he was satisfied with the agreement, the judge granted the State's motion to dismiss count two of Indictment No 10-09-1609, and sentenced defendant to concurrent four-year terms on each count, with no period of parole ineligibility.

Defendant subsequently appealed his sentence. We heard the appeal on our Excessive Sentence Oral Argument calendar pursuant to <u>Rule</u> 2:9-11, and affirmed defendant's sentence.

Defendant then filed a petition for PCR, alleging that his attorney was ineffective. When asked in paragraph eight of the form to provide "the facts upon which the claim for relief [was] based," defendant cryptically stated:

> INEFFECTIVE ASSISTANCE OF COUNSEL, LEGAL DIRECT CONFLICT OF INTEREST BY ALL PARTY"S [sic]. VIOLATIONS OF THE LAW. Prosecutory misconduct along with felony misconduct. Petitioner was intimated [sic] and threaten [sic] into a guilty plea. Police misconduct along with violations of civil, legal and constitutional rights.

Defendant did not provide any further explanation for this bald assertion.

Defendant subsequently abandoned this argument. Instead, in a brief submitted on defendant's behalf, his attorney stated that defendant

> contends that the terms of the agreement were altered after he signed the plea form. It was never his intent to plea[d] to any count of fraudulent use of a credit card. Thus, he was surprised when the plea colloquy contained questions about those charges. However, because of this surprise and a fear of upsetting the agreement, he answered the relevant questions in the manner that appeared to be expected by everyone else involved.

A-5427-17T3

Defendant did not submit a certification providing a factual basis for this new claim. In addition, defendant's attorney conceded in another portion of his brief that "[t]he terms of the plea agreement were modified by consent of the State and [defendant]."

In a thorough written opinion, the judge considered defendant's assertion and denied his petition. The judge concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that a defendant's performance was deficient and that, but for that deficient performance, the result would have been different. This appeal followed.

On appeal, defendant raises the following contention:

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO INFORM HIM ADEQUATELY OF THE NATURE OF HIS PLEA.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). The

United States Supreme Court has extended these principles to a criminal defense attorney's representation of an accused in connection with a plea negotiation. Lafler v. Cooper, 566 U.S. 156, 162-63 (2012); Missouri v. Frye, 566 U.S. 134, 143-44 (2012).

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451, 459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he [or she] was denied the effective assistance of counsel." State v.

A-5427-17T3

Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999); see also R. 3:22-10(e)(2) (stating that a court shall not shall hold an evidentiary hearing if "the defendant's allegations are too vague, conclusory or speculative"). Therefore, a defendant must present facts "supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Cummings, 321 N.J. Super. at 170.

Here, defendant's petition was unsupported by cognizable evidence, except the pro se petition in which defendant generally asserted that he was forced to plead guilty. No further information was provided in support of this claim.

After this argument was abandoned, defendant's attorney stated in his brief that defendant was asserting that "the terms of the [plea] agreement were altered after he signed the plea form[,]" and "[i]t was never his intent to plea[d] to any count of fraudulent use of a credit card." However, defendant did not submit a certification or affidavit demonstrating that he was confused by the plea negotiations, either at the plea hearing or later at sentencing. See R. 1:6-6; Gonzalez v. Ideal Tile Importing Co., 371 N.J. Super. 349, 358 (App. Div. 2004), aff'd, 184 N.J. 415 (2005).

Thus, defendant's contention is a classic "bald assertion" that did not warrant an evidentiary hearing or PCR relief. Cummings, 321 N.J. Super. at 170.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION